UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY CO., ET AL. | CIVIL ACTION |
| VERSUS | NO: 20-3414 |
| HUNTER N. CHARBONNET, ET AL. | SECTION: "A" (1) |

## <u>ORDER AND REASONS</u>

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 14)** filed by third-party defendants Douglas Benjamin Casey and Casey Civil, LLC. Oppositions have been filed by Hunter N. Charbonnet and Travelers Casualty & Surety Co. of America. The motion, submitted for consideration on June 9, 2021, is before the Court on the briefs without oral argument.

Travelers Casualty filed its complaint against Hunter N. Charbonnet in this Court to enforce an indemnity agreement executed by Charbonnet along with Douglas B. Casey and Casey Civil, LLC in favor of Travelers Casualty. The indemnity agreement provides that the indemnitors are jointly and severally liable to Travelers Casualty and that Travelers Casualty retains the right to settle with any of the indemnitors without affecting its rights against the others. (Rec. Doc. 1-3 at 3 ¶ 7). Original subject matter jurisdiction for Travelers Casualty's claims against Charbonnet is grounded on diversity of citizenship.

Charbonnet filed a third-party demand against Douglas B. Casey and Casey Civil, LLC, his co-indemnitors, seeking contribution for any amounts that he owes to Travelers Casualty. As the Court appreciates Charbonnet's demand, he also believes that Casey and Casey Civil failed to abide by certain aspects of a Resignation Agreement

between the co-indemnitors, and that this alleged breach damaged Charbonnet, at least in part, by exposing him to liability to Travelers Casualty. All of the co-indemnitors are Louisiana citizens. Charbonnet invokes supplemental jurisdiction under 28 U.S.C. § 1367(a), contending that the claims asserted in his third-party demand form part of the same case or controversy as the claims asserted by Travelers Casualty in the main demand.[1]

Casey and Casey Civil now move to dismiss the third-party demand contending that Charbonnet's third-party demand does not form part of the same case or controversy as the claims in the main demand.

Charbonnet's claims for contribution and indemnity against Casey and Casey Civil arise directly out of Travelers' main demand, at least as alleged. Those claims satisfy the requirements for supplemental jurisdiction because they form part of the same case or controversy as the main demand and this is true regardless of the legal theory upon which Charbonnet relies when seeking indemnity. That said, the Court recognizes that when a business relationship such as the one that had been shared by the co-indemnitors terminates and adverse claims are made, other disputes tend to arise during the course of the litigation. Supplemental jurisdiction only applies to the claims

---

[1] 28 U.S.C. § 1367, Supplemental Jurisdiction, reads in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts **shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added).

between the co-indemnitors *with respect to Travelers' main demand* and the Court will not have subject matter jurisdiction over any other claims or disputes that the co-indemnitors may try to include in this litigation.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 14)** filed by third-party defendants Douglas Benjamin Casey and Casey Civil, LLC is **DENIED**.

June 15, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE