UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY CO., ET AL. | CIVIL ACTION |
| VERSUS | NO: 20-3414 |
| HUNTER N. CHARBONNET, ET AL. | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss, or Alternatively, Motion for More Definite Statement (Rec. Doc. 33)** filed by Hunter N. Charbonnet. Third-party defendants Douglas Benjamin Casey and Casey Civil, LLC oppose the motion. The motion, submitted for consideration on September 1, 2021, is before the Court on the briefs without oral argument.

### I. Background

Hunter N. Charbonnet is a former member of Casey Civil, LLC, a contractor that provided construction related services mostly to federal, state, and local governments. Charbonnet resigned from Case Civil, LLC effective December 31, 2014, and has not been involved in the operations of the company since then. Douglas Benjamin Casey was the remaining member after Charbonnet left.

Prior to Charbonnet's departure, in 2009, Charbonnet, Douglas B. Casey, and Casey Civil, LLC executed a General Agreement of Indemnity in favor of Travelers Casualty. Relying on that agreement, Travelers Casualty issued payment and performance bonds on behalf of Casey Civil in connection with certain projects. Travelers Casualty alleges that it incurred losses and expenses arising from and related to its issuance of those bonds.

On December 16, 2020, Travelers Casualty filed the instant complaint against Charbonnet to enforce the indemnity agreement executed by Charbonnet, along with Douglas B. Casey and Casey Civil, LLC, in favor of Travelers Casualty. The indemnity agreement provides that the indemnitors are jointly and severally liable to Travelers Casualty and that Travelers Casualty retains the right to settle with any of the indemnitors without affecting its rights against the others.[1] (Rec. Doc. 1-3 at 3 ¶ 7). Original subject matter jurisdiction for Travelers Casualty's claims against Charbonnet is grounded on diversity of citizenship.

After being sued by Travelers Casualty in the main demand, Charbonnet filed a third-party demand against Douglas B. Casey and Casey Civil, LLC, his co-indemnitors, seeking contribution for any amounts that he owes to Travelers Casualty. As the Court appreciates Charbonnet's demand, he also believes that Casey and Casey Civil failed to abide by certain aspects of a Resignation Agreement between the co-indemnitors, and that this alleged breach damaged Charbonnet, at least in part, by exposing him to liability to Travelers Casualty. All of the co-indemnitors are Louisiana citizens. Charbonnet invokes supplemental jurisdiction under 28 U.S.C. § 1367(a), contending that the claims asserted in his third-party demand form part of the same case or controversy as the claims asserted by Travelers Casualty in the main demand.[2]

---

[1] In fact, Travelers separately settled with Douglas B. Casey and Casey Civil for $150,000.00. The additional amount that Travelers seeks from Charbonnet in this lawsuit, $157,862.94, constitutes the amount that Travelers has not yet recouped, at least as of the time when the complaint was filed.

[2] 28 U.S.C. § 1367, Supplemental Jurisdiction, reads in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts **shall have supplemental jurisdiction over**

Earlier this year, the Court addressed a motion to dismiss brought by Ben Casey and Casey Civil. Via that motion, those third-party defendants moved to dismiss Charbonnet's third-party demand (for contribution) contending that the claims asserted in the third-party demand did not form part of the same case or controversy as the claims in the main demand. (Rec. Doc. 14, Motion to Dismiss). The Court denied that motion. (Rec. Doc. 27, Order and Reasons). In doing so the Court explained:

> Charbonnet's claims for contribution and indemnity against Casey and Casey Civil arise directly out of Travelers' main demand, at least as alleged. Those claims satisfy the requirements for supplemental jurisdiction because they form part of the same case or controversy as the main demand and this is true regardless of the legal theory upon which Charbonnet relies when seeking indemnity. ***That said, the Court recognizes that when a business relationship such as the one that had been shared by the co-indemnitors terminates and adverse claims are made, other disputes tend to arise during the course of the litigation. Supplemental jurisdiction only applies to the claims between the co-indemnitors with respect to Travelers' main demand and the Court will not have subject matter jurisdiction over any other claims or disputes that the co-indemnitors may try to include in this litigation.***

*Id.* at 2-3 (emphasis added).

Shortly thereafter, Douglas Benjamin Casey and Casey Civil, LLC (hereinafter collectively "Casey") answered Charbonnet's third-party demand and asserted counterclaims against Charbonnet.³ (Rec. Doc. 32, Answer & Counterclaim).

---

> ***all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution***. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added).

³ Charbonnet characterizes the counterclaims as retaliatory in nature. The Court concerns itself solely with the legal propriety of Casey's claims not with the motives underlying them.

Charbonnet now moves, pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss Casey's counterclaims based on procedural and substantive deficiencies.4 Alternatively, Charbonnet asks the Court to order Casey to provide a more definite statement of his claims pursuant to Rule 12(e).

## II. Discussion

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure provide a procedural mechanism for a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing Fed. R. Civ. Pro. 12(b)(1)). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction in federal court. *Id.* (citing *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995)). Accordingly, the party invoking the jurisdiction of a federal court constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light

---

4 To be clear, lack of subject matter jurisdiction cannot be characterized as a mere defect in the action, "procedural" or otherwise. Subject matter jurisdiction involves a federal court's power to hear a case so it can never be forfeited or waived even if the parties themselves decline to raise the issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 547, 583 (1999)).

most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

A Rule 12(b)(6) dismissal is one on the merits and with prejudice. *See Cox , Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.,* 544 Fed. Appx. 455 (5th Cir.2013) (unpublished). Therefore, a federal court must have subject matter jurisdiction over an action before it can dispose of any claims under Rule 12(b)(6). *Id.*

It is undisputed that there is no diversity of citizenship between Casey and Charbonnet because both Benjamin Casey and Hunter Charbonnet are Louisiana citizens. Original subject matter jurisdiction based on diversity of citizenship exists only for the claims in the main demand, *i.e.*, Travelers Casualty's contractual indemnity claim against Charbonnet. Therefore, just as with Charbonnet's third-party demand against Casey, the only jurisdictional mechanism that would allow this Court to entertain Casey's various counterclaims against Charbonnet is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). And of course that statutory jurisdictional grant is limited to "claims that are so related to claims in the action within such original jurisdiction [Travelers Casualty's indemnity claim against Charbonnet] that they form part of the

same case or controversy under Article III of the United States Constitution." § 1367(a). Thus, whether the issue is Charbonnet's third-party demand against Casey, which the Court has previously addressed, or Casey's counterclaims against Charbonnet, any additional claims that the parties seek to adjudicate as part of this litigation must be sufficiently tethered to Travelers Casualty's indemnity claim against Charbonnet in order for the Court to have subject matter jurisdiction over them.

The question under § 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they "derive from a common nucleus of operative fact." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966)). Neither convenience to the parties, judicial economy, nor the desire to avoid piecemeal litigation can substitute for the "same case or controversy" requirement imposed by § 1367(a).

Importantly, the "original claims" at issue for purposes of supplemental jurisdiction are not the contribution claims asserted in Charbonnet's third-party demand but rather Travelers Casualty's subject-matter-conferring main demand against Charbonnet for indemnity. Charbonnet argues that four of the five claims that Casey has asserted in the counterclaim are business disputes between those parties that have nothing whatsoever to do with the main demand, and therefore do not satisfy the relatedness requirement of § 1367(a).

The Court agrees that the following counterclaims by Casey fall outside the reach of supplemental jurisdiction: Count V (failure to repay a loan), Count VI (recovery of 50% of expenses incurred), Count VII (breach of a non-compete agreement), and Count VIII (error induced by fraud in executing a Resignation Agreement). Those claims are

damages claims that exist completely independent of the Travelers Casualty indemnity agreement that forms the basis of the main demand; they are completely outside of that case or controversy and share no common nucleus of operative fact.

Casey attempted to creatively plead Counts V-VIII in terms of "to the extent" that the complained of conduct "caused and/or contributed to the default" of the bonds identified in the main demand but such artful pleading does not create relatedness to the main demand. If it could, then there would be no constraints whatsoever on the scope of claims that fall under the supplemental jurisdiction statute. In fact, the counterclaims in Casey's Counts V-VIII are actually intended to be a set-off to limit any amounts in contribution that Charbonnet might recover from Casey via the third-party demand. But supplemental jurisdiction does not extend to such claims absent the required nexus to the main demand. *See, e.g., Ensz v. Chase Bank USA NA*, No. 18-2065, 2019 WL 136982, at *3 (N.D. Iowa Jan. 7, 2019); *Ader v. Simonmed Imaging, Inc.*, 324 F. Supp. 3d 1045, 1051-52 (D. Ariz. 2018).

Casey's Count IV counterclaim against Charbonnet is a contribution claim. The Court denied Casey's motion to dismiss Charbonnet's third-party contribution claim for lack of subject matter jurisdiction because the Court was persuaded that a claim for contribution by one of the solidary obligors, whether grounded on operation of law or contract, against the other obligor is sufficiently part of the same case or controversy as the main indemnity claim because it (the claim for contribution) derives from a common nucleus of operative fact, *i.e.*, the indemnity agreement that both obligors executed which is being litigated in the main demand. But the reach of supplemental jurisdiction stops there. After all, even as to the obligations between the co-obligors for contribution, those claims arguably have little to do with the obligations that one or

either of them owes to Travelers Casualty.

Casey argues that the Court does have supplemental jurisdiction over the counterclaims because the Court has already concluded that it has supplemental jurisdiction over Charbonnet's third-party demand for contribution against him. Casey essentially suggests that if supplemental jurisdiction exists for the third-party contribution claim against him, then consistency demands it must exist for his contribution claim against Charbonnet.

Again, Casey's counterclaims, with the exception of Count IV which is a contribution claim, are not contribution claims and they exceed the allowable scope of supplemental jurisdiction in this case.[5] But Casey's arguments do persuade the Court that Count III of Charbonnet's third-party demand, which was for damages deriving from an alleged breach of a resignation agreement, should have been dismissed as being outside the scope of supplemental jurisdiction. If it turns out that Charbonnet is not entitled to contribution by either contract or operation of law, then like Casey he'll have to litigate his damages claims elsewhere, even if the goal was simply to have the damages serve as contribution for amounts that Charbonnet might have to pay to Travelers Casualty.

In sum, as the Court anticipated, Charbonnet and Casey have disputes between them arising out of their now defunct business relationship. But a federal court will not

---

[5] Although the Court declines to dismiss the Count IV contribution claim on the pleadings, the Court notes that Casey paid to Travelers Casualty no more than his virile share owed under the indemnity agreement. *See* La. Civ. Code. art 1804 (Liability of Solidary Obligors Between Themselves). Charbonnet therefore validly questions why Casey would have any basis to recover the $150,000 that he paid to Travelers Casualty from Charbonnet.

have subject matter jurisdiction over those state law claims. The Court would strongly advise the parties to agree to pursue all of their claims against each other, including the contribution claims, in state court where all claims and affirmative defenses/set-offs can be litigated as part of one proceeding.[6]

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss, or Alternatively, Motion for More Definite Statement (Rec. Doc. 33)** filed by Hunter N. Charbonnet is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the counterclaims pleaded in Counts V-VIII, which are dismissed for lack of subject matter jurisdiction. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Count III of the third-party demand (Rec. Doc .7) is dismissed for lack of subject matter jurisdiction.

October 4, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6] The Court would consider a motion to stay the third-party demand and counterclaim while the main demand is being litigated.